UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____713 Slate Hall Drive, Oxford, PA  19363_____

Address of Defendant: _____1 Canon Park, Melville, NY_____

Place of Accident, Incident or Transaction: Horsham, PA and on client site in Delaware

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 07/17/2018   _____ (signature) _____   64565
                     *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.** *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☑ 11. All other Federal Question Cases
  *(Please specify):* employment issues under ADA and various federal statutes

**B.** *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Edward C. Sweeney, Esquire _____, counsel of record *or pro se plaintiff*, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: 07/17/2018   _____ (signature) _____   64565
                     *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
THOMAS JEFFERSON READ
713 Slate Hall Drive, Oxford, PA  19363

### DEFENDANTS
CANON SOLUTIONS AMERICA, INC.
1 Canon Park, Melville, NY

**(b)** County of Residence of First Listed Plaintiff   Chester
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Edward C. Sweeney, Esquire - Wusinich & Brogan P.C.
537 W. Uwchlan Avenue, Suite 200, Downingtown, PA  19335
610-594-1600

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☒ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. Section 12101, et seq.
Brief description of cause:
employment issue under ADA and various federal statutes

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
7/17/2018

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____



## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

THOMAS JEFFERSON READ                                          CIVIL ACTION
713 Slate Hall Drive, Oxford, PA  19363       :

                                              :
                    v.                        :
CANON SOLUTIONS AMERICA, INC.                 :        NO. 18      3026
1 Canon Park, Melville, NY  11747             :

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                        ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                           ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)



| _7/17/2018_ | Edward C. Sweeney, Esquire | Plaintiff |
| --- | --- | --- |
| **Date** | **Attorney-at-law** | **Attorney for** |
| _610-594-1600_ | _610-594-6518_ | esweeney@wusinichbrogan.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

JUL 19 2018

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS JEFFERSON READ | : CIVIL ACTION – LAW |
| Plaintiff | : No. |
| vs. | : |
| CANON SOLUTIONS AMERICA, INC. | : JURY TRIAL DEMANDED |
| Defendant | : |

### COMPLAINT

### JURISDICTION

1.     This Court has original subject matter jurisdiction of this case under 28 U.S.C. §§1331 and 1341 and 42 U.S.C. §2000e-5, inasmuch as the matters in controversy are brought pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, *et seq.*, as well as the Americans with Disabilities Act Amendments ("ADAAA") and the Family and Medical Leave Act ("FMLA") and the Age Discrimination in Employment Act ("ADEA").  It has supplemental jurisdiction for Plaintiff's damage claims under the Pennsylvania Human Relations Acts for his claims of disability discrimination.

2.     Venue is proper in the Eastern District of Pennsylvania because at the time of the incidents in question, Plaintiff lived in Chester County.  Plaintiff was interviewed in Philadelphia and New Jersey.  Plaintiff's payroll and administration was based out of Horsham, Pennsylvania, and his deductions from his payroll were done to reflect a Horsham address at 100 Tournament Drive, Horsham, PA.

3.     Plaintiff has exhausted his administrative remedies by pursuing this matter before the Equal Employment Opportunity Commission.  He has timely filed this action after receiving a

letter dated April 23, 2018 and is filing this action within 90 days of receipt of this document.  See Exhibit A attached hereto.

## FACTUAL ALLEGATIONS

4.  Plaintiff Thomas Jefferson Read ("Plaintiff") is an adult Chester County resident living at 713 Slate Hall Drive, Oxford, PA 19363.

5.  Defendant Canon Solutions America, Inc. ("Defendant") is a corporation with a business address of 1 Canon Park, Melville, NY.

6.  Plaintiff worked for Defendant from approximately 3/13/2000 to 10/31/2007.  This time was grandfathered into Plaintiff's service time when rehired on 3/13/2012.   Plaintiff was re-hired by Defendant on or about March 13, 2012, and at time of termination was a Title Technical Operations Specialist earning $101,000 a year plus benefits.

7.  Plaintiff's job occasionally requires long hours as it requires interactions with customer personnel in different time zones, including Europe.

8.  Plaintiff has Type 1 diabetes (insulin dependent diabetes), coronary artery disease, and sleep apnea at all relevant times to this Complaint.

9.  Plaintiff was 57 years old (D.O.B. 5/3/60) at the time of his termination.  Plaintiff had 13 years with the company at the time of his termination.

10.  Plaintiff's conditions and their sequelae constitute a disability under the Americans with Disabilities Act ("ADA") and its amending act, the Americans with Disabilities Amendment Act ("ADAAA"), including but not limited to the perception of an impairment and having a record of an impairment.

11.  Plaintiff went out on disability from October 31, 2017 to mid-December 2017.

12.  Plaintiff returned to work with a note asking for accommodations which he gave to management restricting his hours.

2

13.  No interactive process was engaged after Plaintiff's request for accommodation.

14.  Plaintiff's disability note constituted a request under the ADA and ADAAA and PHRA for reasonable accommodation.

15.  Plaintiff was ostensibly given a six-week training program but was often ignored and not interacted with, but his accommodation note was not violated or even discussed.

16.  When he did return to work in a hand's-on method, he was asked to shadow another employee named Eric Bryant.

17.  Before he went back to work in this position, on or about February 2, 2018, Plaintiff met with a top H.R. representative, Robin Rutter, and his supervisor, John DiMeo.

18.  Plaintiff once again raised the issue of accommodation and he was told by the H.R. representative simply that he had a "demanding job."

19.  Nothing was done to accommodate his disability and no plan was made to schedule an interactive process.

20.  Within two weeks of his meeting with the H.R. representative and his supervisor, he was fired.

21.  The employer claims that two or three small incidents justified the termination during this time.  None of these incidents, alone or taken together, would have resulted in termination to people without Plaintiff's disabilities or who did not ask for accommodation or who were Plaintiff's age.  They were pretexts to fire Plaintiff.

22.  Plaintiff denies that he was terminated because of these alleged incidents, but rather indicates he was retaliated against because he asked for reasonable accommodation in this stressful job which occasionally had long hours.

23.  In the preceding two years, Plaintiff took advantage of his Family Medical Leave Act

3

rights one time at the end of 2016.

24.  Plaintiff also believes that he is being retaliated against for requesting FMLA leave.

25.  Plaintiff's age (57) may have played a factor in his termination as well and thus violated the Age Discrimination in Employment Act.

26.  Defendant acted with reckless indifference to Plaintiff's federally protected rights.

27.  Defendant has a progressive disciplinary system.

28.  Plaintiff was not fired in accordance with the progressive disciplinary system.

29.  Plaintiff was treated differently than other similarly-situated individuals who were not covered by the laws related in this filing.

30.  Defendant has caused Plaintiff to lose wages because of its conduct.

31.  Defendant caused Plaintiff to suffer compensatory damages, including pain, suffering and humiliation.

32.  Defendant, by and through its agents, managers, employees, and HR officials, many of the foregoing holding positions of authority, acted with malice or reckless indifference to the federally-protected rights of Plaintiff, and in particular: (1) refused to accommodate his disability and symptoms; (2) discriminated against him because of his ADA/ADAAA condition; (3) retaliated against his reporting to Defendant that he needed help (accommodation); (4) failed to appropriately investigate Plaintiff's claims, including but not limited to interviewing key witnesses.

33.  Plaintiff is entitled under the FMLA to liquidated damages (including interest) unless the employer proves its actions were in good faith compliance with the FMLA and that it had objectively reasonable grounds to think its conduct did not violate the FMLA.

34. Defendant, by and through its agents, managers, employees, and HR officials, many of the foregoing holding positions of authority, violated Plaintiff's rights under the ADEA willfully qualifying him for liquidated damages.

35. Plaintiff's counsel has incurred attorney's fees and costs which are recoverable under the ADA/ADAAA, the ADEA, the PHRA and the FMLA.

36. Plaintiff experienced humiliation, embarrassment, and emotional distress as a result of Defendant's conduct.

37. At all relevant times, Defendant, by and through the actions and inactions of its Human Resource officials, managers, agents, and employees, has failed to act in good faith towards Plaintiff, and either (1) intentionally or recklessly ignored company non-discrimination and non-retaliation policies, or (2) was inadequately trained in recognition of reasonable accommodation requests or situations which result in the triggering of an interactive process.

38. Defendant's management and Human Resource officials aided and abetted discrimination by Defendant under the PHRA by the aforesaid conduct.

39. Plaintiff sustained damages as a result of Defendant's conduct, including lost compensation and benefits (including medical benefits, 401K and life insurance contributions, and other benefits) and actual monetary losses, compensatory damages, liquidated damages, attorney's fees, costs and witness fees, and is entitled to equitable relief, including reinstatement, and an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's ruling in Eshelman v. Agere Systems, Inc., 554 F.3d 426 (3d Cir. 2009).

40. There is a causal link between the adverse actions and the employment actions herein.

## COUNT I

### AMERICANS WITH DISABILITIES ACT

### THOMAS JEFFERSON READ v. CANON SOLUTIONS AMERICA, INC.

### REASONABLE ACCOMMODATION INCLUDING
### FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS

41. Plaintiff incorporates paragraphs 1 through 40 herein by reference.

42. Plaintiff has ADA-protected conditions that meet the definition of a disability under the ADA/ADAAA.

43. Plaintiff was qualified to do the essential functions of his job, with or without reasonable accommodation.

44. Plaintiff put the employer on notice that he had a disability and, based on such notice, the employer was able to reasonably deduce that a request for accommodation was made.

45. Plaintiff suffered adverse employment action because of his request for accommodation, including termination and/or a failure to engage in the interactive process and a failure to reasonably accommodate him.

46. Plaintiff engaged the interactive process when he requested reasonable accommodation for his conditions, including when he provided the accommodation note and when he spoke to Ms. Rutter, and his supervisor, John DiMeo, on or about February 2, 2018.

47. Defendant did not engage in the interactive process.

48. Defendant failed to accommodate Plaintiff's ADA-protected condition.

49. Defendant had no undue hardship in accommodating one or more of Plaintiff's requests for accommodation.

50. There is a causal link between the adverse actions and the employment actions herein.

51. Plaintiff suffered damages.

52.  Defendant is liable for punitive damages.

WHEREFORE, Plaintiff demands the following relief:  (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as rehiring; (3) punitive damages; (4) a reasonable attorney's fee; (5) the employee's expert witness fee, if any; (6) rehire to Defendant to his former position (with all back and future benefits he would have been entitled to); (7) damages for pain, suffering and humiliation; (8) medical expenses for additional treatment caused by the conduct of the employer; (9) interest; (10) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's ruling in Eshelman v. Agere Systems, Inc., 554 F.3d 426 (3d Cir. 2009);  and (11) other costs of the action.

**COUNT II**

**AMERICANS WITH DISABILITIES ACT**

**THOMAS JEFFERSON READ v. CANON SOLUTIONS AMERICA, INC.**

**DISCRIMINATION**

53.  Plaintiff incorporates paragraphs 1 through 52 herein by reference.

54.  Plaintiff has ADA-protected conditions that meet the definition of a disability under the ADA/ADAAA.

55.  Plaintiff was qualified to do the essential functions of his job, with or without reasonable accommodation.

56.  Plaintiff suffered an adverse employment action because of his ADA-protected conditions, including being treated differently in the terms, conditions, and benefits of his employment than people without a disability and/or being terminated.

57.  There is a causal link between the adverse actions and the employment actions herein.

7

58. Plaintiff suffered damages.

59. Defendant is liable for punitive damages.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as rehiring; (3) punitive damages; (4) a reasonable attorney's fee; (5) the employee's expert witness fee, if any; (6) rehire to Defendant to his former position (with all back and future benefits he would have been entitled to); (7) damages for pain, suffering and humiliation; (8) medical expenses for additional treatment caused by the conduct of the employer; (9) interest; (10) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's ruling in Eshelman v. Agere Systems, Inc., 554 F.3d 426 (3d Cir. 2009); and (11) other costs of the action.

## COUNT III

### AMERICANS WITH DISABILITIES ACT

### THOMAS JEFFERSON READ v. CANON SOLUTIONS AMERICA, INC.

### RETALIATION

60. Plaintiff incorporates paragraphs 1 through 59 herein by reference.

61. Plaintiff has ADA-protected conditions that meet the definition of a disability under the ADA/ADAAA.

62. Defendant knew of Plaintiff's assertions of ADA-protected rights and took adverse actions against him, including not providing him with reasonable accommodations and not engaging in an interactive process and/or terminating him.

63. There is a causal link between the adverse actions and the employment actions herein.

64. Plaintiff suffered damages.

8

65. Defendant is liable for punitive damages.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as rehiring; (3) punitive damages; (4) a reasonable attorney's fee; (5) the employee's expert witness fee, if any; (6) rehire to Defendant to his former position (with all back and future benefits he would have been entitled to); (7) damages for pain, suffering and humiliation; (8) medical expenses for additional treatment caused by the conduct of the employer; (9) interest; (10) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's ruling in Eshelman v. Agere Systems, Inc., 554 F.3d 426 (3d Cir. 2009); and (11) other costs of the action.

## COUNT IV

### PENNSYLVANIA HUMAN RELATIONS ACT

### THOMAS JEFFERSON READ v. CANON SOLUTIONS AMERICA, INC.

### REASONABLE ACCOMMODATION INCLUDING FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS

66. Plaintiff incorporates paragraphs 1 through 65 herein by reference.

67. Plaintiff has PHRA-protected conditions that meet the definition of a disability under the PHRA.

68. Plaintiff was qualified to do the essential functions of his job, with or without reasonable accommodation.

69. Plaintiff put the employer on notice that he had a disability and, based on such notice, the employer was able to reasonably deduce that a request for accommodation was made.

70. Plaintiff suffered adverse employment actions, including termination because of a desire not to engage the interactive process, and/or failure to engage in the interactive process and failure to reasonably accommodate him.

71. Plaintiff engaged the interactive process when he requested reasonable accommodation for his condition.

72. Defendant did not engage in the interactive process.

73. Defendant failed to accommodate Plaintiff's PHRA-protected condition.

74. Defendant had no undue hardship in accommodating Plaintiff's requests for accommodation.

75. There is a causal link between the adverse actions and the employment actions herein, including the termination of Plaintiff.

76. Plaintiff suffered damages.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as rehiring; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) rehire to Defendant to his former position (with all back and future benefits he would have been entitled to); (6) damages for pain, suffering and humiliation; (7) medical expenses for additional treatment caused by the conduct of the employer; (8) interest; (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's ruling in Eshelman v. Agere Systems, Inc., 554 F.3d 426 (3d Cir. 2009); and (10) other costs of the action.

## COUNT V

## PENNSYLVANIA HUMAN RELATIONS ACT

## THOMAS JEFFERSON READ v. CANON SOLUTIONS AMERICA, INC.

## DISABILITY DISCRIMINATION

77. Plaintiff incorporates paragraphs 1 through 76 herein by reference.

78. Plaintiff has PHRA-protected conditions that meet the definition of a disability under the PHRA.

79. Plaintiff was qualified to do the essential functions of his job, with or without reasonable accommodation.

80. Plaintiff suffered an adverse employment action because of his disability, including termination and being treated differently in the terms, conditions, and benefits of his employment than people without a disability.

81. There is a causal link between the adverse actions and the employment actions herein, including the termination of Plaintiff.

82. Plaintiff suffered damages.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as rehiring; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) rehire to Defendant to his former position (with all back and future benefits he would have been entitled to); (6) damages for pain, suffering and humiliation; (7) medical expenses for additional treatment caused by the conduct of the employer; (8) interest; (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's ruling in Eshelman v. Agere Systems, Inc., 554 F.3d 426 (3d Cir. 2009); and (10) other costs of the action.

**COUNT VI**

**PENNSYLVANIA HUMAN RELATIONS ACT**

**THOMAS JEFFERSON READ v. CANON SOLUTIONS AMERICA, INC.**

**DISABILITY -- RETALIATION**

83.  Plaintiff incorporates paragraphs 1 through 82 herein by reference.

84.  Plaintiff has PHRA-protected conditions that meet the definition of a disability under the PHRA.

85.  Defendant took adverse actions against Plaintiff for asking for accommodation, including not providing him with reasonable accommodations, not engaging in an interactive process, and/or termination.

86.  There is a causal link between the adverse actions and the employment actions herein, including the termination of Plaintiff.

87.  Plaintiff suffered damages.

WHEREFORE, Plaintiff demands the following relief:  (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as rehiring; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) rehire to Defendant to his former position (with all back and future benefits he would have been entitled to); (6) damages for pain, suffering and humiliation; (7) medical expenses for additional treatment caused by the conduct of the employer; (8) interest; (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's ruling in Eshelman v. Agere Systems, Inc., 554 F.3d 426 (3d Cir. 2009); and (10) other costs of the action.

## COUNT VII

## THOMAS JEFFERSON READ v. CANON SOLUTIONS AMERICA, INC.

## AGE DISCRIMINATION -- ADEA

88.  Plaintiff incorporates paragraphs 1 through 87 above as if set forth herein.

89.  Plaintiff is in a protected class because of his age, 57 years old at the time of his termination.

90.  Plaintiff was terminated because of his age or was treated differently or disparately by Defendant from similarly-situated younger individuals, including but not limited to those who are not in a protected age class.

91.  Plaintiff suffered adverse employment action(s) by Defendant because of his age, including being counseled, disciplined, for trivial things and eventually being terminated.

92.  Plaintiff has suffered damages caused by Defendant.

93.  Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands the following relief from Defendant.:   (1) wages, employment benefits or other compensation denied or lost by such violation; (2)  front pay wages; (3) equitable relief such as rehiring; (4) a reasonable attorney's fee; (5) the employee's expert witness fee, if any; (6) rehire to Defendant to his former position (with all back and future benefits he would have been entitled to); (7) liquidated damages; (8) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's ruling in Eshelman v. Agere Systems, Inc., 554 F.3d 426 (3d Cir. 2009); (9) other costs of the action.

## COUNT VIII

## PENNSYLVANIA HUMAN RELATIONS ACT

## THOMAS JEFFERSON READ v. CANON SOLUTIONS AMERICA, INC.

## AGE DISCRIMINATION

94.  Plaintiff incorporates paragraphs 1 through 93 above as if set forth herein.

95.  Plaintiff is in a protected class because of his age, being 57 years old at the time of his termination.

96.  Plaintiff was terminated because of his age or was treated differently or disparately by Defendant from similarly-situated younger individuals, including but not limited to those who are not in a protected age class.

97.  Plaintiff suffered adverse employment action(s) by Defendant because of his age, including being given drastically more work, having his pay drastically cut, and also being terminated.

98.  Plaintiff has suffered damages caused by Defendant.

WHEREFORE, Plaintiff demands the following relief from Defendant:  (1) wages, employment benefits or other compensation denied or lost by such violation; (2) front pay wages; (3) equitable relief such as rehiring; (4) a reasonable attorney's fee; (5) the employee's expert witness fee, if any; (6) rehire to Defendant to his former position (with all back and future benefits he would have been entitled to); (7) damages for pain, suffering, humiliation, and emotional distress; (8) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's ruling in <u>Eshelman v. Agere Systems, Inc.</u>, 554 F.3d 426 (3d Cir. 2009); and (9) other costs of the action.

## COUNT IX

## FAMILY AND MEDICAL LEAVE ACT

## THOMAS JEFFERSON READ v. CANON SOLUTIONS AMERICA, INC.

### DISCRIMINATION/RETALIATION IN VIOLATION OF
### THE FAMILY AND MEDICAL LEAVE ACT

99.  Plaintiff incorporates paragraphs 1 through 98 herein by reference.

100.  Plaintiff invoked his right to FMLA benefits on two occasions in the two years before he was fired.

101.  Plaintiff suffered a pattern of antagonism and/or adverse actions or employment decisions after this second return from FMLA leave.

102.  The pattern of antagonism and/or adverse actions were causally related to the Plaintiff's invocation and/or exercise of FMLA rights.

103.  Defendant unlawfully retaliated and otherwise discriminated against Plaintiff because of conduct protected by the FMLA.  See, *inter alia*, 29 U.S.C. §2615(a)(2).

104.  Defendant deprived Plaintiff of rights and benefits which he was entitled to or promised during his time out for FMLA leave.

105.  Defendant deprived Plaintiff of the same or an equivalent position when he returned to work.

106.  Defendant's conduct was not in good faith and the employer did not have reasonable grounds for believing it did not violate the FMLA.

107.  Defendant's conduct was willful and Defendant intended to deprive Plaintiff of rights under the FMLA, including the right to reinstatement at the same or an equivalent position.

108.  Defendant willfully interfered with and punished Plaintiff for exercising his FMLA rights by treating him differently upon his return to work and terminating him.

15

109. Defendant willfully interfered with and punished Plaintiff for exercising his FMLA rights by failing to accommodate his medical restrictions when he returned to work where it would cause Defendant no hardship.

110. Defendant illegally terminated Plaintiff in violation of the FMLA.

111. There is a causal link between the adverse actions and the employment actions herein, including the termination of the Plaintiff.

112. Plaintiff sustained damages as a result of Defendant's conduct.

113. Defendant is liable for liquidated damages.

WHEREFORE, Plaintiff demands the following relief:  (1) wages, employment benefits or other compensation denied or lost by such violation, including but not limited to back and front pay; (2) an amount of liquidated damages unless the employer's violation was in good faith and the employer had reasonable grounds for believing the employer did not violate the Act; (3) equitable relief such as employment, reinstatement or promotion or payment of health care expenses; (4) a reasonable attorney's fee; (5) the employee's expert witness fee, if any; (6) reinstatement to his former position (with all back benefits he would have been entitled to); (7) other costs of the action; (8) interest; and (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

Respectfully submitted,

Date:  7/17/2018

By:  /s/Edward C. Sweeney

Edward C. Sweeney, Esquire
Attorney for Plaintiff
I.D. No. 64565
537 West Uwchlan Avenue, Suite 200
Downingtown, PA 19335
(610) 594-1600
Validation of signature code: ECS1942

# EXHIBIT A

EEOC Form 161 (11/16)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | From: |
|---|---|
| Thomas Jefferson Read<br>713 Slate Hill Drive<br>Oxford, PA 19363 | Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2018-02977 | Legal Unit,<br>Legal Technician | (215) 440-2828 |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Jamie R. Williamson,
**District Director**

4/23/18

*(Date Mailed)*

Enclosures(s)

cc:

Jill Mintzer
CANON U.S.A., INC.
One Canon Park
Melville, NY 11747

Edward C. Sweeney
WUSINICH & BROGAN P.C.
537 West Uwchlan Avenue
Downingtown, PA 19335